```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ANTHONY LEWIS,                      )
                                    )
            Plaintiff,              )
                                    )
            v.                      )    C.A. No. 20-11259-PBS
                                    )
LIEUTENANT THERMORA, et al.,        )
                                    )
            Defendants.             )
                                    )
```

## MEMORANDUM AND ORDER

**January 4, 2022**

Saris, D.J.

On December 15, 2021, this matter was remanded for a determination whether the time for appeal should be reopened under Fed. R. App. P. 4(a)(6). See Docket No. 36. For the reasons set forth below, the court finds that the time for appeal should be reopened under Fed. R. App. P. 4(a)(6).

BACKGROUND

On July 1, 2021, Anthony Lewis filed a notice of appeal from the order of dismissal entered on January 6, 2021. See Docket No. 24.

Lewis initiated this action on July 1, 2020, by filing a civil rights complaint with motions for counsel and for leave to proceed in forma pauperis. See Docket Nos. 1-3. Because he failed to file a copy of his prison account statement, Lewis'

was denied leave to proceed in forma pauperis, and he was directed to refile with a copy of his prison account.  See Docket No. 5.  Lewis complied with the Court's order, see Docket Nos. 7-8), and he was granted leave to proceed in forma pauperis.  See Docket No. 11.

The court's records indicate that on August 24, 2020, summons issued for service of the complaint.  Docket No. 13.  The summons and paperwork for plaintiff to arrange for service by the United States Marshals Service were mailed to plaintiff at the Suffolk County Jail and House of Correction, but the envelopes were returned to the court as undeliverable.  See Docket Nos. 15, 16.

On September 8, 2020, a few days after the court received the returned mail, Lewis filed a notice of change of address to Dorchester.  See Docket No. 17.  Two months later, on November 25, 2020, the court entered a conditional order of dismissal and ordered Lewis to file proof of service or show cause why service had not been made.  See Docket No. 18.  It was mailed to the new address given to the court.  See Docket No. 20.

On December 7, 2020, the envelope containing the November 25, 2020 Order was returned to the court as undeliverable.  Id.  The following month, on January 6, 2021, the clerk entered an order of dismissal in accordance with the conditional order of dismissal dated November 18, 2020.  See Docket No. 21.  The

order of dismissal was mailed to Lewis at the address on the docket, the Dorchester address, see Docket No. 22, and it was returned to the court as undeliverable.  See Docket No. 23.

Almost six months after dismissal, on July 1, 2021, Lewis filed a notice of appeal and a motion to serve defendants.  See Docket Nos. 24, 25.  On the notice of appeal, Lewis indicated that his address was the Suffolk County House of Correction.  See Docket No. 24.  Among other things, Lewis states that "after being released from Nashua Street Jail, [Lewis] did not receive any mail [at the Dorchester address] because the owner evacuated the whole building & replace[d] every occupant [and Lewis became homeless upon release]."  Id. at p. 3.  Lewis explains that he uses a wheelchair because he is paralyzed on his right side and takes medications for seizures.  Id. at p. 2.  He contends that on May 20, 2021, in an act of retaliation, "Nashua Street proceeded to press false charges on [Lewis]."  Id.  Lewis opines that if he had assistance from counsel, his "case would have been set in a timely fashion."  Id.  He states that he was placed in segregation and was unable to secure "the right forms at a timely fashion to [satisfy] the courts for this case."  Id.

On July 2, 2021, the case was transmitted to the United States Court of Appeals for the First Circuit.  See Docket No. 26.  By Electronic Order dated July 12, 2021, Lewis' motion to serve defendants was denied because the case had been dismissed.

3

See Docket No. 28.  The clerk mailed a copy of the Electronic Order to Lewis on July 12, 2021.  See Docket No. 29.  Apparently, Lewis was released from the Suffolk County House of Correction on July 14, 2021, and the envelope with the Electronic Order was returned to the court as undeliverable.  See Docket No. 33.

    On July 21, 2021, Lewis filed an undated motion for counsel stating that he was ordered to Bridgewater State Hospital for a competency evaluation.  See Docket No. 31.  Lewis' motion was denied and Lewis was directed to file his motion with the appeals court.  See Docket No. 32.  On August 4, 2021, the court received a letter from Lewis dated July 29, 2021, requesting a copy of his motion for counsel "because he has no access to the law library [at the Suffolk County House of Correction]."  See Docket No. 34.  On September 2, 2021, the clerk mailed a copy of the motion to Lewis.  See Docket No. 35.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 77(d) provides:

(1) Service.  Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).

> (2) <u>Time to Appeal Not Affected by Lack of Notice</u>.
> Lack of notice of the entry does not affect the
> time for appeal or relieve - or authorize the
> court to relieve - a party for failing to appeal
> within the time allowed, except as allowed by
> Federal Rule of Appellate Procedure 4(a).

Fed. R. Civ. P. 77.

Rule 4(a)(6) permits the Court to reopen the time to file an appeal if:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

In addition, Rule 4(a)(6) provides the district court with discretion to grant or deny a motion to reopen time to appeal, even if the requirements of Rule 4(a)(6) are met.  In exercising this discretion, the court "should give substantial weight to indications that the failure of receipt was the litigant's fault."

5

In re WorldCom, Inc., 708 F.3d 327, 338 (2d Cir. 2013). The purpose of Rule 4(a)(6) "was to ease strict sanctions on litigants who had failed to receive notice of the entry of judgment in order to file a timely notice of appeal, whether the fault lay with the clerk or other factors beyond the litigants' control, such as the Postal Service." Id. at 336.

## DISCUSSION

Here, the requirements of Rule 4(a)(6) have been met. The court's docket and plaintiff's pleadings provide sufficient evidence that plaintiff did not receive notice of the January 6, 2021 Order of Dismissal within 21 days of the Order's entry on the civil docket. See Fed. R. App. P. 4(a)(6); Fed. R. Civ. P. 79(a). In fact, the court's records indicates that the mail was returned to the court as undeliverable. See Docket No. 23. Although it is unclear when, if ever, Lewis received notice of the dismissal of this action, he filed his notice of appeal within 180 days after the entry of the order of dismissal. The court finds that no party would be prejudiced if the court reopens the time for Lewis to file an appeal.

Here Lewis is at fault for failing to provide an address at which he could receive mail, but the court finds that such failure does not preclude reopening the time to appeal in the circumstances of this case. Lewis has consistently demonstrated his interest in pursuing this litigation.  He responded to the court's first order entered in this case, and he also filed a notice of change of address upon his initial release from the Suffolk County House of Correction.  Although Lewis should have updated his address[1] with the court sooner, his failure to do so does not warrant denial of reopening the time for appeal.  Lewis is a pro se litigant with physical disabilities, and perhaps a mental disability.  He was homeless and then reincarcerated. Apparently, he was committed for a competency evaluation at Bridgewater State Hospital.

## CONCLUSION

Accordingly, the court finds that the time for appeal should be reopened under Fed. R. App. P. 4(a)(6).  The clerk shall promptly transmit a copy of this memorandum and order to

---

[1] Pro se litigants are required to inform the clerk of any change of address within 14 days of the change.  See District of Massachusetts Local Rule 83.5.5(h).

the United States Court of Appeals for the First Circuit.

SO ORDERED.

                                        /s/ Patti B. Saris
                                        PATTI B. SARIS
                                        UNITED STATES DISTRICT JUDGE